## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED FARM FAMILY INSURANCE COMPANY, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. SAG-15-372 |
| | * | |
| PENINSULA INSURANCE COMPANY, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MEMORANDUM OPINION

Plaintiff United Farm Family Insurance Company ("Farm Family") commenced this action against Defendant Peninsula Insurance Company ("Peninsula") to recover: (1) litigation costs for its defense of a mutually insured party, Thomas Shockley, and prejudgment interest accrued on those costs; (2) litigation costs for defending the declaratory judgment action brought by Peninsula; and (3) litigation costs incurred to date in the instant lawsuit.  [ECF No. 1].  Now pending before the Court are the parties' cross-motions for summary judgment.  [ECF Nos. 19, 22].  The Court has also considered the parties' replies.  [ECF Nos. 23, 24].  No hearing is deemed necessary.  *See* Local R. 105.6 (D. Md. 2014).  For the reasons stated herein, Farm Family's Motion for Summary Judgment will be denied, and Peninsula's Cross-Motion for Summary Judgment will be granted in part and denied in part.

## I.  BACKGROUND

This lawsuit stems from a prior negligence action regarding an automobile accident between Thomas Shockley and Michael and Amanda Spence in July, 2009 (the "Spence case").  Compl. ¶ 8.  Namely, Mr. Shockley was driving a Freightliner pickup truck, owned by J&S

Trailer Sales, Inc. ("J&S Trailer"), that was towing a seeder/planter that collided with the Spences' car. *Id.* At the time of the accident, the Freightliner pickup truck was insured by Farm Family via Mr. Shockley's insurance policy, and by Peninsula via J&S Trailer's insurance policy. *See id.* ¶ 5 ("Farm Family issued a Business Auto insurance policy to Thomas Shockley . . . [that] insured Mr. Shockley and a 2007 Freightliner heavy duty pickup truck.); *id.* ¶ 6 ("Peninsula issued a Garage Liability insurance policy to J&S Trailer Sales, Inc. . . . [that] insured 'any auto' being driven by Mr. Shockley, who was insured as an employee and permissive user of a vehicle owned by J&S Trailer Sales, Inc.").

In September, 2009, in anticipation of a claim brought against Mr. Shockley, Farm Family hired defense counsel to begin preparing for his defense. *Id.* ¶ 9. In October, 2009, upon realizing that the Freightliner pickup truck was also insured by Peninsula, Farm Family notified Peninsula about its defense and indemnity obligations. *Id.* ¶ 10. Over the course of the next several years, Farm Family and Peninsula disagreed about the degree to which they each were responsible for the defense of Mr. Shockley. *See* Pl. Mot., Exh. 1.

In December, 2011, the Spences sued Mr. Shockley, J&S Trailer, J&S Equipment, Inc. ("J&S Equipment"), and John Thomas, who was a passenger in Mr. Shockley's truck and also owned the seeder/planter being towed by Mr. Shockley at the time of the accident. Def. Cross-Mot. 2. Peninsula retained counsel to defend J&S Trailer and J&S Equipment, its named insureds. *Id.* Farm Family provided Mr. Shockley's defense. Compl. ¶¶ 13–14. Farm Family also represented Mr. Thomas. Pl. Reply 1–2. The Spence case went to trial in October, 2013, and ultimately settled on appeal. Compl. ¶ 15.

While the Spence case was pending, in July, 2012, Peninsula brought a declaratory judgment action against Farm Family, asking the court to declare that the two insurers were co-

2

primary insurers, with Farm Family responsible for 75% of Mr. Shockley's defense and indemnity obligations, and Peninsula responsible for 25%.  Pl. Mot., Exh. 3.   On October 23, 2013, the Circuit Court for Wicomico County held that Peninsula and Farm Family were co-primary insurers, and each was responsible for 50% of the defense and indemnity obligations. *Id.*, Exh. 4.  However, the Maryland Court of Special Appeals reversed on appeal. *Id.*, Exh. 2. In an opinion dated January 13, 2015, the Court of Special Appeals found that Peninsula was the primary insurer for Mr. Shockley, and that Farm Family was the excess insurer. *Id.*  Since that ruling, Farm Family has made several demands to Peninsula for reimbursement of the defense costs for Mr. Shockley, and Peninsula has refused to pay those costs in full.  Compl. ¶¶ 19–20. The instant litigation resulted.

## II.  STANDARD OF REVIEW

"The court shall grant summary if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A material fact is one "that might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute regarding a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  A party seeking summary judgment bears the burden of showing that there is no evidence to support the non-moving party's case, and must only show an absence of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  In response, the non-moving party must show that there is a genuine issue for trial. *Id.*

When considering a motion for summary judgment, the court "must view the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in favor of the nonmovant." *McLean v. Ray*, 488 F. App'x 677, 682 (4th Cir. 2012) (citations and internal

quotation marks omitted).  The court's role is to determine whether there is a genuine issue for trial, not "to weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249.  "When faced with cross-motions for summary judgment, the court must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotations marks omitted).

## III.  DISCUSSION

Farm Family argues that it is entitled to summary judgment on all the litigation costs it seeks in this action.  Peninsula argues that summary judgment as to the litigation costs in the Spence case is premature, since more discovery is needed to determine whether Farm Family's litigation expenses were fair and reasonable.  Further, Peninsula argues that it is entitled to summary judgment on the issue of whether Farm Family is entitled to prejudgment interest.  Lastly, Peninsula argues that it is entitled to summary judgment on the issue of whether it must pay the litigation costs for Farm Family's defense in the declaratory judgment action brought by Peninsula, and for Farm Family's litigation costs in this case.  Each dispute is addressed in turn below.

### A.  Litigation Costs in the Spence Case

#### 1.  Measure of Restitution

The parties agree that this case rests on a theory of unjust enrichment, or quasi-contract. Pl. Mot. 9–10; Def. Cross-Mot. 4–5.  *See Dolan v. McQuaide*, 215 Md. App. 24, 35, 79 A.3d 394, 401 (2013) ("[T]he terms 'contract implied in law,' 'quasi-contract,' and 'unjust enrichment' all describe the same substantive claim.").  The parties also agree that, in such a case, any award is not for damages, but rather for restitution, which is measured "not by any loss

suffered by the plaintiff, but by the gain or enrichment unjustly conferred on the defendant." *Alternatives Unlimited, Inc. v. New Baltimore City Bd. of Sch. Comm'rs*, 155 Md. App. 415, 485, 843 A.2d 252, 293 (2004).   The parties disagree, however, as to how exactly to measure the restitution owed to Farm Family for its defense of Mr. Shockley in the Spence case.

While conceding that restitution typically is not measured by the loss suffered by the plaintiff, Farm Family notes that the "reasonable market value of the services provided by the plaintiff can, however, be viewed as the correct measure of damages because the reasonable value can be the defendant's gain."  Pl. Mot. 10.  But Farm Family then argues that the precise amount it paid for Mr. Shockley's defense is the measure of the benefit unjustly conferred on Peninsula, without any further discussion or showing that its expenses reflect the reasonable market value.  *Id.*

Peninsula argues first that Farm Family's summary judgment motion is premature, since there are outstanding discovery requests that will aid Peninsula in determining whether Farm Family's claimed legal expenses are fair and reasonable.[1]  Def. Cross-Mot. 3–4.  According to Peninsula, "[t]here has been no showing that these bills were fair or reasonable to date, and defendant needs to obtain the requested documents prior to defending its opposition to those expenses."  *Id.* at 4.  Peninsula then argues that the measure of restitution in this case should be "the additional cost that would have been incurred by Peninsula Insurance Company if its counsel had represented Shockley, in addition to [J&S Trailer and J&S Equipment]," rather than Farm Family's claim for the full amount it expended in Mr. Shockley's defense.  *Id.* at 5.

---

[1] In their joint status report submitted on July 20, 2015, the parties noted that discovery is nearly complete, but that Farm Family is awaiting discovery responses from Peninsula, and Peninsula intends to file a motion to compel regarding certain discovery.  [ECF No. 25].  Thus, at this point, Peninsula's argument that it needs more discovery is still viable.

However, Peninsula has provided no indication as to what those additional costs would have been.

Peninsula further argues that, even if Farm Family's assertion is correct that it can use the reasonable market value of the services it provided as the measure of restitution, this value includes the additional amount expended to defend John Thomas as well as Mr. Shockley, and thus is inaccurate because Mr. Thomas was not included in Peninsula's policy. *Id.* In its Reply, Farm Family argues that the representation of Mr. Thomas was very much intertwined with the representation of Mr. Shockley, since Mr. Thomas was an eyewitness to the accident, and would have been interviewed and prepared for deposition and trial regardless of whether he was a named defendant. Pl. Reply 2. Thus, Farm Family contends, the representation of Mr. Thomas added only a nominal amount to the cost of defending Mr. Shockley—$456.00—which Farm Family then deducted from the reimbursement amount it demands from Peninsula. *Id.* Peninsula, in its Reply, did not make note of this deduction or discuss whether it was sufficient.

At this point, it is clear to the Court that summary judgment on the amount that Peninsula owes Farm Family in restitution is inappropriate, as this amount is very much in dispute. Also in dispute is whether Farm Family's defense of Mr. Thomas was "reasonably related" to its defense of Mr. Shockley, such that Peninsula must reimburse Farm Family for the entire representation. *See Fed. Realty Inv. Tr. v. Pacific Ins. Co.*, 760 F. Supp. 533, 537 (D. Md. 1991) (allocation of fees and expenses not necessary if defense of non-covered parties is "reasonably related" to defense of covered parties); *see also Cont'l Cas. Co. v. Bd. of Educ. of Charles Cty.*, 302 Md. 516, 532, 489 A.2d 536, 544 (1985) ("Legal services and expenses are reasonably related to a covered count if they would have been rendered and incurred by reasonably competent counsel engaged to defend a suit against the [insured] arising out of the same factual background as did

the [actual] suit but which alleged only the matters complained of in [the covered] counts."). While a court may make this determination as a matter of law, *see, e.g. Baker's Express, LLC v. Arrowpoint Capital Corp.*, ELH-10-2508, 2012 WL 4370265, at *21 (D. Md. Sept. 20, 2012), this Court cannot do so on the current record.  Moreover, it is unclear whether Peninsula is agreeable to Farm Family's deduction of $456.00 for Mr. Thomas's individual defense costs.

The Court does find, however, that the proper measure of restitution in this case is the reasonable market value of the services that Farm Family actually expended in the defense of Mr. Shockley (which may or may not include the defense of Mr. Thomas).  *See Alternatives Unlimited*, 155 Md. App. at 486–87, 843 A.2d at 294 ("Sometimes when the unjust enrichment of the defendant cannot otherwise be measured, the reasonable value of the services rendered, but not paid for, is the measure of the unjust gain.").  Because any estimate of the additional costs Peninsula might have incurred to defend Mr. Shockley would be entirely speculative (and would be calculated with the benefit of 20/20 hindsight), the reasonable market value of Farm Family's litigation costs is the best measure of Peninsula's gain.

### 2. Pre-Judgment Interest

Farm Family also seeks to recover pre-judgment interest accrued on its litigation costs in the Spence case. Pl. Mot. 10–11. In *Buxton v. Buxton*, the Maryland Court of Appeals provided "three basic rules governing the allowance of pre-judgment interest."  363 Md. 634, 656, 770 A.2d 152, 165 (2001).  First, "[p]re-judgment interest is allowable as a matter of right when the obligation to pay and the amount due had become certain, definite, and liquidated by a specific date prior to judgment so that the effect of the debtor's withholding payment was to deprive the creditor of the use of a fixed amount as of a known date."  *Id.* at 656, 165 (internal quotation marks omitted).  Cases in which pre-judgment interest is awarded as of right generally involve

"written contracts to pay money on a day certain, such as bills of exchange or promissory notes," bonds or contracts providing for the payment of interest, or conversion, where the value of goods converted is readily ascertainable. *Id.* Second, prejudgment interest is not allowed "in tort cases where the recovery is for bodily harm, emotional distress, or similar intangible elements of damage not easily susceptible of precise measurement." *Id.* Third, "[b]etween these poles of allowance as of right and absolute non-allowance is a broad category of contract cases in which the allowance of pre-judgment interest is within the discretion of the trier of fact." *Id.*

Here, the first and second rules do not apply. While Peninsula's obligation to pay has become certain, the amount due has yet to become "certain, definite, and liquidated." *See Gordon v. Posner*, 142 Md. App. 399, 438, 790 A.2d 675, 698 (2002) (highlighting that "a right to pre-judgment interest only exists when liability **and** damages are certain"). Indeed, the exact amount that Peninsula owes Farm Family in restitution is the crux of this litigation. Moreover, this lawsuit is not a tort action, wherein damages are not reasonably ascertainable until the verdict. Instead, this case fits squarely within the third rule, where the decision to award pre-judgment interest is generally left to the discretion of the trier of fact. *Id.* at 437, 697 ("The general rule is that interest would be left to the discretion of the jury, or the [c]ourt when sitting as a jury.") (quoting *I.W. Berman Properties v. Porter Bros., Inc.*, 276 Md. 1, 18, 344 A.2d 65, 75 (1975)). Accordingly, both parties' Motions are denied as to pre-judgment interest at this stage.

### B. Litigation Costs in Declaratory Judgment

Farm Family argues that it is entitled to recover the litigation costs it incurred in defending the declaratory judgment action brought by Peninsula to ascertain the parties' defense and indemnity obligations for Mr. Shockley in the Spence case. Pl. Mot. 11. Farm Family

acknowledges the general rule, or "American Rule," that the prevailing party in a lawsuit is not entitled to recovery of attorneys' fees as an element of damages, but argues that the "collateral litigation" exception applies. *Id.* at 11–12. The collateral litigation exception provides: "[W]here the wrongful acts of the defendant have involved the plaintiff in litigation with others, or placed him in such relations with others as [to] make it necessary to incur expense to protect his interest, such costs and expense should be treated as the legal consequences of the original wrongful act." *McGaw v. Acker, Merrall & Condit Co.*, 111 Md. 153, 73 A. 731, 734 (1909). Here, however, Farm Family was not involved in litigation *with others* to protect its interest. Farm Family defended a declaratory judgment action brought by Peninsula. There was no third party directly involved in the dispute, as the outcome would affect only Farm Family and Peninsula. Thus, the collateral litigation exception is not applicable.

Farm Family also contends that it is entitled to recover litigation expenses based on the well-settled Maryland rule that an insured may recover from its insurer the attorneys' fees and costs incurred in a declaratory judgment action brought to "enforce its liability insurer's contractual duty to provide coverage." Pl. Mot. 12–13. (citing *Bankers and Shippers Ins. Co. v. Electro Enter.*, 287 Md. 641, 648, 415 A.2d 278, 282 (1980)). However, this rule is not directly applicable here. First, it was Peninsula who brought the declaratory judgment action, not Farm Family. Thus, Farm Family did not seek to "enforce" Peninsula's contractual duty, but rather it defended its interests. *See Scottsdale Ins. Co. v. American Empire Surplus Lines Ins. Co.*, 791 F. Supp. 1079, 1085 (D. Md. 1992) ("In [*Bankers & Shippers*], the Maryland Court of Appeals held that an insured could recover its fees and costs *in prosecuting a declaratory judgment action* against the insurer where the insurer had improperly refused to provide a defense.") (emphasis added); *Western World Ins. Co. v. Harford Mut. Ins. Co.*, 600 F. Supp. 313, 322 (D. Md. 1984)

("In Maryland, the law is settled that an insured may recover from its insurer the attorneys' fees and expenses incurred by the insured *in bringing a declaratory judgment action* against the insurer for failure to defend.") (emphasis added).

Even assuming this distinction is irrelevant, Farm Family concedes that Maryland appellate courts have not directly addressed whether this rule applies to a declaratory judgment action between two insurers, rather than between an insured and an insurer. When this issue arose in this court, Judge Motz declined to award attorneys' fees and costs to a plaintiff insurer who instituted a declaratory judgment action against a co-insurer:

> Scottsdale contends that the holding in *Bankers & Shippers* should be extended to cases such as this where an insurer has filed a lawsuit to compel a co-insurer to honor its contractual duty to defend because ultimately insureds indirectly pay (by way of increased premiums) fees and costs incurred by their insurers. I am not persuaded by this reasoning. Scottsdale had an independent contractual obligation to defend Shepherd, and, although it may be an unfortunate fact that insureds ultimately pay for the senseless litigation in which insurers become embroiled, it would be entirely speculative to equate the direct costs incurred by a specific insured in a given case and the indirect costs incurred by the insureds generally.

*Scottsdale*, 791 F. Supp. at 1085. Farm Family argues that *Scottsdale* is distinguishable from this case, since Farm Family "did not have any duty to defend Mr. Shockley, because it was the excess insurer for the accident. It stepped up and defended Shockley with no obligation to do so." Pl. Reply 9. While it is true that "an excess [insurance] carrier does not have the obligation to provide a defense, provided a primary carrier has been identified," *Utica Mut. Ins. Co. v. Miller*, 130 Md. App. 373, 395, 746 A.2d 935, 946–47 (2000), here, the parties disputed for several years the allocation of defense obligations. It was only in January, 2015, well after the Spence case ended, that the Court of Special Appeals found that Peninsula was the primary insurer, and Farm Family the excess insurer. Until then, Farm Family should have operated, and apparently did operate, under the general rule that "[a]n insurance company has a duty to defend

its insured for all claims that are potentially covered under the policy." *Walk v. Hartford Cas. Ins. Co.*, 382 Md. 1, 15, 852 A.2d 98, 106 (2004) (citations omitted). Farm Family further argues that *Scottsdale* is distinguishable because it "undertook the costs of enforcing Peninsula's obligations both for itself and for Mr. Shockley, to get from Peninsula that defense for which he had paid premiums to Peninsula." Pl. Reply. 9. However, like in *Scottsdale*, the indirect costs borne by Mr. Shockley for the litigation efforts between his two insurers is entirely speculative. Thus, *Scottsdale* is on point here, and this Court will follow course and decline to extend Maryland's rule to require payment of attorneys' fees in a declaratory judgment action between two insurers.

Farm Family's final argument on this issue is that this case is similar to *Western World Insurance Co.,* wherein the insureds assigned their rights to their insurer, Western World, who then initiated a declaratory judgment action against another insurer for failure to defend. 600 F. Supp. at 313. The court held that, because Western World had essentially "st[ood] in the shoes of the insureds," it was therefore entitled to attorneys' fees and costs for bringing the declaratory judgment action. *Id.* at 322. Here, as Farm Family acknowledges, Mr. Shockley did not assign his rights to Farm Family. Farm Family contends, however, that "it did even more. It defended him when it had no contractual obligation to do so and then it also defended him and assisted to enforce his rights in the declaratory judgment action that Peninsula instituted." Pl. Reply 10. The Court is not persuaded. As discussed, Farm Family did not take on the defense of Mr. Shockley for no reason; it did so because the claims against Mr. Shockley were potentially covered under Farm Family's policy. Only later did Farm Family learn that it was the excess insurer and thus had no defense obligations. Moreover, the only rights that were affected by the declaratory judgment action were those of Farm Family and Peninsula. Mr. Shockley had no

dog in the fight.  Thus, Farm Family's contention that it assisted Mr. Shockley to enforce *his rights* in the declaratory judgment action is without merit.

For these reasons, Farm Family's Motion for Summary Judgment on litigation costs it incurred in defending the declaratory judgment action brought by Peninsula is denied, and Peninsula's Cross-Motion on this issue is granted.

### C.  Litigation Costs in This Case

Finally, Farm Family argues that it is entitled to litigation costs incurred in this lawsuit. Farm Family acknowledges that there is no third party involved, but contends that, because it has been forced to incur expense to "protect its interests in recovering the Shockley defense costs from Peninsula," the collateral litigation exception, discussed *supra*, applies.  Pl. Reply 10–11. However, as underscored by Peninsula, Farm Family omits that the collateral litigation exception applies when "the wrongful acts of the defendant have . . . placed [the plaintiff] in such relations *with others* as [to] make it necessary to incur expense to protect his interest."  *McGaw*, 111 Md. at 160, 73 A. at 734.  There are no others here; this lawsuit is solely between Farm Family and Peninsula.

Farm Family then contends that this case is analogous to *Montgomery Village Associates v. Mark*, 95 Md. App. 337, 620 A.2d 975 (1993), where the Court of Special Appeals applied the collateral litigation exception in a suit for specific performance of a repurchase agreement, when the defendant's wrongful acts led plaintiff to file for bankruptcy.  Farm Family argues that its claim is akin to one for specific performance, since it is asking this Court to order Peninsula to fulfill the terms of its contract with Mr. Shockley, and to comply with the ruling of the Court of Special Appeals.  Pl. Reply 12.  Farm Family's comparison is flawed, however, since the plaintiff in *Montgomery Village* was forced to protect his interest by filing for bankruptcy, thus

fulfilling the requirement of "such relations with others." There has been no such filing in this case.

For these reasons, Farm Family's Motion for Summary Judgment on litigation costs it incurred in this case is denied, and Peninsula's Cross-Motion on this issue is granted.

## IV.  CONCLUSION

For the reasons stated above, Farm Family's Motion for Summary Judgment [ECF No. 19] is DENIED.  Peninsula's Cross-Motion for Summary Judgment [ECF No. 22] is GRANTED IN PART and DENIED IN PART.  A separate Order follows.


Dated:  August 20, 2015

                                        /s/
                                Stephanie A. Gallagher
                                United States Magistrate Judge